OPINION OF THE COURT
Loren N. Brown, J.
The defendants have moved for an order dismissing the *257 plaintiffs first, second, sixth and seventh causes of action as contained in his complaint. Following submission of all moving papers, the motion as it relates to the sixth and seventh causes of action has been withdrawn.
This action stems from the plaintiffs employment at the Knolls Atomic Power Laboratory (KAPL) in Niskayuna, New York. KAPL is wholly owned by the United States Government and administered by the United States Department of Energy (DOE). Defendant General Electric (GE) operates KAPL as a contractor for DOE. The plaintiff worked directly for the General Electric Company with a title of Health Physicist-Radiological Engineer. As part of his duties, Bordell measured employee exposure to radiation of KAPL, and issued reports reflecting that exposure. Until early 1987, when GE acquired a computer software program (called INDOS) to permit rapid calculation of exposure levels, manual calculations were performed. INDOS calculations purportedly showed greater radiation exposure to employees at KAPL than originally thought after using manual calculations. Bordell prepared seven draft reports reflecting the INDOS results and recommended corrective action. According to Bordell, the only action taken in response to his reports was initially his suspension without pay, and, on March 24, 1988, his termination. Alleging that his termination was in retaliation for his reporting of that which his superiors did not want to hear, he complained to the United States Department of Labor. That agency determined that because Bordell was an employee of General Electric Co., a DOE contractor, and not a Federal employee, the Federal whistleblower statute (42 USC § 5851) did not protect him. Bordell did not appeal that determination. Instead, he brought this action alleging, in part, that he was terminated from his position in violation of section 740 of this State’s Labor Law (causes of action one and two). This motion to dismiss followed.
The salient issue now before the court is whether the United States Congress has preempted State authority to regulate, by the application of section 740 of the State’s Labor Law, defendant GE’s conduct. For reasons discussed infra, the court finds Federal preemption.
Generally, State law may be preempted in two ways. (Silkwood v Kerr-McGee Corp., 464 US 238.) Congress may evince an intent to regulate an entire field of activity. Any State law within that field is preempted. (Fidelity Fed. Sav. & Loan Assn. v De La Cuesta, 458 US 141; Rice v Sante Fe Elevator *258 Corp., 331 US 218.) Second, even if Congress has not fully regulated all aspects of the field, State law would still be preempted to the extent that it conflicts with Federal law (Florida Avocado Growers v Paul, 373 US 132), or where the State law would present an obstacle to the accomplishment of a Federal purpose. (Hines v Davidovitz, 312 US 52.)
It is now well settled that in the entire field of safety in the nuclear industry, Federal regulations preempt State law. (Pacific Gas & Elec. v Energy Resources Commn., 461 US 190; see also, Silkwood v Kerr-McGee Corp., supra [Blackman, J., dissenting]; Snow v Bechtel Constr., 647 Supp 1514.)
Examining now section 740 of the Labor Law, the State’s whistleblower statute, the court finds that the section, if applied to the nuclear industry, would impermissibly regulate nuclear safety. Section 740 provides, in pertinent part:
"2. Prohibitions. An employer shall not take any retaliatory personnel action against an employee because such employee does any of the following:
"(a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety”.
Subdivision (5) lists the relief available to an aggrieved employee, including reinstatement to the same position, and lost wages.
While on. its face the section appears to merely protect the employee’s livelihood without regulating the industry in which the employee works, in fact, the section’s objective goes well beyond protection of workers’ rights. By providing a carrot to the worker in the form of protection, and applying a stick to the employer, the law seeks to indirectly regulate industries potentially hazardous to the public health. By virtue of the law, dangerous conditions would be identified and remedied rather than hidden and ignored for fear of retaliation. (Givens, Practice Commentaries, McKinney’s Cons Laws of NY, Book 30, Labor Law § 740, at 545.) Section 740 (2) (a) invites an inquiry into the actual operation of the plant. A State court Judge or jury would be placed in a position of determining safety standards of a nuclear facility. The facility’s administrators would be forced to abide by State-mandated procedures or face State sanctions. Whistleblowers may be reinstated by State court order though Federal administra *259 tors in charge of safety regulations may find no safety problems. The potential for State interference with Federal safety regulation of nuclear facilities is palpable and constitutionally impermissible.
Though the foregoing is dispositive of the motion, the court has nevertheless examined the remaining grounds for dismissal and found them to be without merit. Contrary to GE’s contention, the complaint is sufficient in its detail. Finally, Bordell’s failure to exhaust administrative remedies is not, as GE contends, grounds for dismissal of the causes of action. Use of administrative remedies are not required when such a procedure would be futilé. (Usen v Sipprell, 41 AD2d 251.) There are sufficient allegations of bad faith on the part of the defendants to strongly suggest that resort to an administrative appeal would be futile. Certainly dismissal on the ground of a failure to resort to those administrative remedies would be unjustified.
In summary, based solely upon Federal preemption, the motion to dismiss the first and second causes of action is granted.