FRANK L. BORDELL, Appellant, v GENERAL ELECTRIC COMPANY et al., Respondents.

Third Department, December 27, 1990

### APPEARANCES OF COUNSEL

*Gleason, Dunn, Walsh & O'Shea (Ronald G. Dunn* of counsel), for appellant.

*Solin, Breindel & Berger, P. C. (Daniel R. Solin* of counsel), for respondents.

### OPINION OF THE COURT

MERCURE, J.

Plaintiff was employed as a health physicist by defendant General Electric Company (hereinafter GE) at the Knolls Atomic Power Laboratory (hereinafter KAPL), a facility owned by the United States Government and operated by GE under the terms of a contract with the Department of Energy (hereinafter DOE). His duties included assessing and maintaining records documenting internal radiological exposure levels for KAPL employees. In February 1988, plaintiff sent a letter to the Inspector General of DOE outlining concerns and the basis for his belief that GE was covering up adverse exposure levels that it had an obligation to report. Shortly thereafter, GE first suspended plaintiff without pay for two weeks and then, approximately one week later, terminated his employment. Plaintiff filed a Federal whistleblower retaliation claim with the United States Secretary of Labor, charging GE with violating certain provisions of the Energy Reorganization Act of 1974 *(see,* 42 USC § 5851 [a]). The Department of Labor determined that employees of a private DOE contractor are not protected by the Federal whistleblower statute and dismissed the claim.

Plaintiff then commenced this action, asserting, as is relevant to this appeal, two causes of action challenging his

suspension and dismissal as violative of Labor Law § 740.[1] GE moved to dismiss the causes of action, contending that as a contractor to the Federal Government, it was shielded from section 740 liability by virtue of the Supremacy Clause (US Const, art VI, cl [2]). Supreme Court granted GE's motion, finding that "in the entire field of safety in the nuclear [power] industry, Federal regulations preempt State law" (146 Misc 2d 256, 258). Plaintiff now appeals.

Plaintiff, relying on the United States Supreme Court's recent decision in *English v General Elec. Co.* (496 US —, 110 S Ct 2270), argues that because section 740 (2) (a) does not have a "direct and substantial effect" on the operation of nuclear facilities, it does not fall within the preempted zone *(see, English v General Elec. Co., supra,* 496 US, at —, 110 S Ct, at 2278). Defendant, on the other hand, contends that *English* is inapplicable and that the claims were properly dismissed because application of Labor Law § 740 constitutes direct regulation of a Federal nuclear facility in the absence of express congressional authorization and would frustrate Federal policy.

We agree with defendant that *English v General Elec. Co. (supra),* which concerns the proper analysis to apply in determining whether State regulation of a privately owned facility has been preempted by Federal law, is not dispositive of the issues presented here. There is a "fundamental distinction between state regulation of private facilities and state regulation of federal facilities" *(Goodyear Atomic Corp. v Miller,* 486 US 174, 180, n 1), and the fact that the Federal facility is operated by a private contractor does not alter this analysis *(see, supra,* at 180). Rather, in the conceded absence of express congressional authorization, the Supremacy Clause bars the enforcement of State whistleblower laws against Federal facilities if they are determined to constitute direct regulation *(see, supra; Hancock v Train,* 426 US 167, 179; *Mayo v United States,* 319 US 441, 445) or if they interfere with Federal goals *(see, United States v Georgia Pub. Serv. Commn.,* 371 US 285, 293; *Penn Dairies v Milk Control Commn.,* 318 US 261, 271).

---

1. Labor Law § 740 provides, in pertinent part, as follows:

"2. Prohibitions. An employer shall not take any retaliatory personnel action against an employee because such employee does any of the following:

"(a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety".

Thus, plaintiff's appeal presents two questions: (1) whether Labor Law § 740 "directly" regulates the Federal facility, and (2) if not, whether it interferes with Federal goals. For reasons which will appear, we answer both questions in the negative and, therefore, reverse Supreme Court's order.

We turn first to GE's argument that the application of Labor Law § 740 to KAPL is violative of the Supremacy Clause because it would directly regulate that Federal facility by mandating who may be hired and fired. In our view, *Hancock v Train* (426 US 167, 180, *supra)* and *United States v Town of Windsor* (765 F2d 16, 17) do not persuasively support GE's argument that section 740 directly regulates the Federal Government, even though it applies only to a private employer. In each of those cases, the court struck down the requirement of a State permit for operation of a Federal facility, reasoning that regardless of who was required to obtain the permit, the end result was direct State control over the facility's very right to function. Labor Law § 740 has no equivalent effect upon the operation of a Federal facility. It does not impose new safety standards, regulate radiological hazards or require that the facility cease or alter its operations in any way. All that section 740 does is prohibit GE from punishing plaintiff for reporting safety violations.[2] Clearly, such a tangential relationship does not constitute direct regulation *(see, English v General Elec. Co.,* 496 US —, —, 110 S Ct 2270, 2278, *supra; Goodyear Atomic Corp. v Miller,* 486 US 174, 186, *supra; Silkwood v Kerr-McGee Corp.,* 464 US 238, 256; *see also, Washington v United States,* 460 US 536; *United States v Boyd,* 378 US 39; *Penn Dairies v Milk Control Commn.,* 318 US 261, *supra).*

Similarly, we reject the contention that the statute frustrates Federal policies and goals. To support its argument in this regard, GE asserts that Congress has addressed the issue of what protection should be afforded to whistleblowers in the nuclear industry by enacting 42 USC § 5851 (a) and, further, that DOE is engaged in rulemaking which will probably result in the protection of contractor employees through a formal DOE hearing and review process *(see,* Notice of Proposed Rulemaking dated Mar. 13, 1990, 55 Fed Reg 9326 [concerning

---

2. Section 740 allows not only recovery of compensatory damages by an aggrieved employee, but also provides for injunctive relief to restrain continued violation, reinstatement of the aggrieved employee, and reinstatement of the aggrieved employee's fringe benefits and seniority rights *(see,* Labor Law § 740 [5]).

DOE proposal to adopt 10 CFR part 708]). This process, GE continues, demonstrates a Federal policy to have Federal instrumentalities investigate and determine whistleblower claims at Federal nuclear facilities. We disagree. First, the regulations have not yet been adopted. Second, section 740, encouraging whistleblowers to report safety concerns, as does 42 USC § 5851, cannot possibly be viewed as inconsistent with Federal policy in any event *(see, Penn Dairies v Milk Control Commn., supra,* at 271). Finally, GE's argument that Congress intended to exclusively occupy the field of whistleblower protection has been expressly rejected by the United States Supreme Court in *English v General Elec. Co. (supra).*

Accordingly, the order of Supreme Court dismissing plaintiff's claims under Labor Law § 740 should be reversed.

KANE, J. P., CASEY, LEVINE and HARVEY, JJ., concur.

Order reversed, on the law, with costs, and motion denied.